**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ANTHONY JAMES MYSLICKI #374301** | § | |
| | § | |
| **V.** | § | **A-11-CV-635-SS** |
| | § | |
| **AMANDA GAGE and ANGELIC** | § | |
| **PHILLIPS** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
          UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1); Plaintiff's more definite statement (Document No. 6); Plaintiff's second more definite statement (Document No. 9); Defendants' Motion to Dismiss (Document No. 16); and Defendants' Amended Motion to Dismiss (Document No. 17). Plaintiff did not file a response to the motions to dismiss. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Austin Transition Center ("ATC"). Plaintiff indicates he was released on parole in March 2009 and arrived at the ATC on November 25, 2009. He complains of the actions of his parole officers, Angelic Phillips and Amanda Gage, who he contends subjected him to cruel and unusual

punishment.   Specifically, he complains he is forced to wear a tracking device to monitor his movements.   In addition, he complains he is not allowed to go to the movies, football games, baseball games or the outside church of his religion, play miniature golf, or have sex with a woman. He believes Phillips made it her special project to get Plaintiff in trouble.   Plaintiff seeks $22,000.00 per year in damages and unspecified injunctive relief.

After consideration of Plaintiff's complaint, Plaintiff was ordered to file a more definite statement.   Plaintiff explains in his more definite statement that Phillips badgers him and denies him a reasonable activity plan.   Plaintiff states he is not allowed the chance to urinate when the need arises when he is traveling.   With regard to Gage, Plaintiff asserts he is not allowed to stop and use the restroom if the bathroom is not his final destination and he is not allowed to stop and buy food. Plaintiff further asserts he is not allowed to attend the church of his choice on Sunday, as he is not allowed to leave the halfway house on Saturdays or Sundays.   Plaintiff contends Gage is a disciplinarian who believes in punishment above mediation.

Plaintiff was ordered to file a second more definite statement to clarify his claims regarding church and to determine exactly what type of injunctive relief he is seeking.   Plaintiff filed his more definite statement, asking the Court to "stipulate to governing parole Authorities, who have control of [his] freedom and well being; that [he] should not be retaliated against, for exercising [his] God given right to use [his] mind to protest against any treatment that is constitutionally wrong and unfair."   With regard to his religious claims Plaintiff admits he can attend church service at the ATC facility.   However, he complains he cannot leave the facility on Saturday or Sunday to attend the church of his choice.   Plaintiff does not specify his religion or what church he wishes to attend. Instead, he asserts "to restrict a (man) from enjoying the true peace of being around true loving

2

Christians, this is the highest of sins and will be punished as our Holy God Yahweeh punished and destroyed the Satanic Roman Empire."  Plaintiff believes Austin and its surrounding areas, such as Bastrop, are under some form of judgment from the Holy Spirit of God presumably because of the recent wildfires.

Defendants Amanda Gage and Angelic Phillips were served and ordered to answer Plaintiff's complaint.  Defendants filed a Motion to Dismiss on November 14, 2011 and an Amended Motion to Dismiss on the following day.[1]  In their Amended Motion to Dismiss Defendants explain Plaintiff was convicted of aggravated robbery in Travis County in 1983.  According to Defendants, Plaintiff has been on parole since March 2009 and will remain on parole until 2033.

Defendants move to dismiss Plaintiff's complaint, arguing they are entitled to Eleventh Amendment immunity with regard to Plaintiff's claims brought against them in their official capacities for monetary damages.  They further argue neither of them have any authority to change the electronic monitoring condition of Plaintiff's parole or release him from the conditions of parole imposed by the Board of Pardons and Paroles.  Accordingly, they assert the remedy Plaintiff seeks is outside the scope of their authority.  To the extent Defendants are sued in their individual capacities Defendants assert their entitlement to qualified immunity.  They assert they were not personally involved in the allegedly unlawful imposition of the electronic-monitoring condition. Alternatively, they assert Plaintiff does not have a constitutional right to parole free of electronic monitoring.  They conclude their acts or omissions were not objectively unreasonable in light of clearly established law.

---

[1]Defendants' Amended Motion to Dismiss supersedes their original Motion to Dismiss. Accordingly, the original Motion to Dismiss should be dismissed.

With respect to Plaintiff's claims regarding religion Defendants assert Plaintiff has not shown that he is being forced to act in a way that violates his religious beliefs or that he is being forced to choose between enjoying some generally available, non-trivial benefit and following his religious beliefs.

DISCUSSION AND ANALYSIS

A.    Standard Under Rule 12 (b)6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted.  When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." Bell Atlantic v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1965-66 (2007).  Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., 550 U.S. at  570, 127 S. Ct. at 1974.  The Supreme Court has recently made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  The standard is properly guided by "[t]wo working principles." Id. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable

4

to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949-50. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, in considering a motion to dismiss the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Even after Twombly, though, courts remain obligated to construe a pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (reiterating long-standing rule that documents filed pro se are to be construed liberally).

B.     Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

However, the Eleventh Amendment does not apply to a request for a federal court to grant prospective injunctive relief against state officials on the basis of federal claims; thus, a request for

5

prospective injunctive relief against state officials or employees in their official capacities falls within an exception to Eleventh Amendment immunity. See Ex parte Young, 209 U.S. 123, 149, 28 S. Ct. 441, 449-50 (1908). This exception is limited to suits challenging the enforcement of statutes for which the defendant-state official has some responsibility for enforcing. The ability to remove conditions of parole does not appear to be within the authority of his local parole officers, but rather falls within the purview of the Texas Board of Pardons and Paroles. Alternatively, as explained below, Plaintiff fails to state a valid constitutional violation.

      C.    Qualified Immunity

      Defendants sued in their individual capacities for monetary damages are protected by the doctrine of qualified immunity. Qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).

      To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria-whether plaintiffs' facts allege a constitutional violation-must be decided at the outset.  Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001).  Recently, however, the Court reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808 (2009).  In this case, Plaintiff fails to state a valid constitutional violation.  Accordingly, Defendants are entitled to qualified immunity.

### 1.    Cruel and Unusual Punishment

Plaintiff's claims are difficult to decipher.  To the extent he seeks redress for cruel and unusual punishment, he has failed to state a valid constitutional violation. The Eighth Amendment prohibits cruel and unusual punishments.  This has been interpreted by the Supreme Court to mean physically barbarous punishments.  Such punishments are those which involve "the wanton and unnecessary infliction of pain," or those which are grossly disproportionate to the crime.  Rhodes v. Chapman, 452 U.S. 337, 346, 101 S. Ct. 2392 (1981).  The Constitution does not mandate comfortable prisons.  Rhodes, 452 U .S. at 349.  If conditions for prisoners are "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  See Rhodes, 452 U.S. at 347.    "[E]xtreme deprivations are required to make out a conditions-of-confinement claim."  Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995 (1992). In determining whether a deprivation meets this constitutional threshold, the Court looks, in part, to the amount and duration of the deprivation.  See Talib v. Gilley, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (deprivation of food).  Although Plaintiff is clearly unhappy with the conditions of his parole, he has

failed to show that these conditions involved the unnecessary and wanton infliction of pain or that his discomfort was grossly disproportionate to the felony offense for which he was convicted.

            2.    Due Process

To the extent Plaintiff may be trying to raise a due process claim this claim fails as well. "Neither the Fifth Circuit nor the Supreme Court has afforded inmates a protected liberty interest in not having SISP . . . or electronic monitoring conditions imposed as a condition of mandatory supervised release." Page v. Warren, WL 767222 at *3, (S.D. Tex. Feb.22, 2011).

      D.    Religious Land Use and Institutionalized Person Act ("RLUIPA")

Construing Plaintiff's claims liberally, as the Court must, Plaintiff may be raising a claim under RLUIPA.  The RLUIPA, enacted by Congress in 2000, provides that the government shall not impose a "substantial burden" on the religious exercise of a person confined to an institution unless the burden furthers "a compelling governmental interest" and does so by the "least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2).  The "RLUIPA imposes a higher burden than does the First Amendment in that the statute requires prison regulators to put forth a stronger justification for regulations that impinge on the religious practices of prison inmates." Mayfield v. Texas Dep't Criminal Justice, 529 F.3d 599, 612 (5th Cir. 2008).

The threshold inquiry under RLUIPA is whether the challenged governmental action substantially burdens the exercise of religion. Baranowski v. Hart, 486 F.3d 112, 124 (5th Cir. 2007).  This inquiry necessarily requires the court to answer two questions: (1) Is the burdened activity "religious exercise," and if so (2) is the burden "substantial"? See Adkins v. Kaspar, 393 F.3d 559, 567 (5th Cir. 2004).  Under the first question, the Court must determine whether the practices Plaintiff requests permission to engage in are religious exercise—that is, whether "the

religious practice[s] at issue [are] important to the free exercise of his religion." <u>Adkins</u>, 393 F.3d at 570 (stating that RLUIPA complainant bears burden of proving religious practice is important to free exercise of religion); <u>see</u> <u>also</u> <u>Cutter v. Wilkinson</u>, 544 U.S. 709, 725, n. 13, 125 S. Ct. 2113 (2005) ("RLUIPA bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion [but] does not preclude inquiry into the sincerity of a prisoner's professed religiosity."); <u>Sossamon v. Lone Star State of Tex.</u>, 560 F.3d 316, 332 (5th Cir. 2009) ("The practice burdened need not be central to the adherent's belief system, but the adherent must have an honest belief that the practice is important to his free exercise of religion." (citing <u>Adkins</u>, 393 F.3d at 567)).

In the present case, Plaintiff's allegations are too vague and conclusory to state a claim pursuant to RLUIPA. Plaintiff admits he is allowed to attend church services at ATC. He simply complains he is not allowed to attend the church of his choice on Saturdays or Sundays (and he fails to identify what church that is). This allegation is insufficient to state a claim under RLUIPA.

<u>RECOMMENDATION</u>

It is therefore recommended that Defendants' original Motion to Dismiss [#16] be DISMISSED AS MOOT. It is further recommended that Defendants' Amended Motion to Dismiss [#17] be GRANTED. Plaintiff's claims regarding the conditions of his parole brought against Defendants in their official capacities should be DISMISSED WITHOUT PREJUDICE for want of jurisdiction, Plaintiff's claims regarding the conditions of his parole brought against Defendants in their individual capacities should be DISMISSED WITH PREJUDICE, and Plaintiff's claims brought pursuant to RLUPA should be DISMISSED WITHOUT PREJUDICE.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure

to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of March, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE